**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

TERESA DAVIS,

     Plaintiff,

     v.

UNITED STATES OF AMERICA,

     Defendant.

CIVIL ACTION NO.: 4:26-cv-119

## **O R D E R**

Mr. Pierre Ifill, counsel for Plaintiff Teresa Davis, has moved to recuse the Undersigned from presiding over this matter pursuant to 28 U.S.C. §§ 144 and 455 (hereinafter the "Motion"). (Doc. 7.)  The Undersigned **REFERS** the Motion to the Honorable Lisa Godbey Wood for determination.

Mr. Ifill seeks disqualification based on Section 144 and, alternatively, Section 455. Section 144 explicitly permits the transfer of a disqualification motion to a judge other than the challenged (presiding) judge.  28 U.S.C. § 144.  Section 455, however, does not explicitly permit the transfer of a disqualification motion and, as a result, some courts have held that a motion to disqualify a district judge under that section must be decided by the very judge whose disqualification is sought.  See, e.g., Cohee v. McDade, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006).  Other courts, however, have held that nothing in Section 455 precludes a judge from transferring a motion to disqualify.  See, e.g., United States v. Craig, 853 F. Supp. 1413, 1414–15 (S.D. Fla. 1994).  Here, Mr. Ifill requests that another judge decide whether the Undersigned should be recused.

Referring Mr. Ifill's Motion promotes the utmost confidence in the Court and its decisions. The Undersigned expresses no conclusion about whether any of the arguments for recusal are accurate or sufficient. To the extent that the Undersigned, as presiding judge, must pass judgment on the Motion's arguments for recusal, the Undersigned harbors no bias, prejudice, or ill will towards Plaintiff or Plaintiff's counsel and knows of no reason why he could not impartially preside over this case. See, e.g., United States v. Mendoza, 468 F.3d 1256, 1261–63 (10th Cir. 2006) (district judge not disqualified from presiding over case where judge previously referred party's counsel to attorney disciplinary committee).

Referring the Motion to Recuse to another judge is particularly appropriate given that there are no facts necessary for ruling on the Motion that are uniquely within the Undersigned's knowledge. Mr. Ifill's Motion centers on a letter that the Undersigned sent to the State Bar of Georgia to relay concerns that Mr. Ifill violated the Georgia Rules of Professional Conduct in connection with an unrelated prior proceeding. Thus, all the facts necessary for ruling on Mr. Ifill's motion can be gleaned from the record of the prior proceeding and the Undersigned's correspondence to the State Bar of Georgia. Judge Wood and opposing counsel need access to that letter and its attachments to litigate and decide the Motion. Thus, the Undersigned **DIRECTS** the Clerk of Court to attach that letter (along with its own attachments) as an exhibit to this Order.

On the question of whether that exhibit should be filed under seal, a strong presumption exists that the public has a right to access judicial proceedings and filings. Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1358 (11th Cir. 2021) ("Judicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice. This Circuit has been resolute in our enforcement of that presumption of public access."). This right extends to

proceedings involving a judge's recusal.  See Application of Nat'l Broad. Co., Inc., 828 F.2d 340, 344 (6th Cir. 1987) ("[T]here is clearly a tradition of accessibility to [judicial] disqualification proceedings.").  "When a judge's impartiality is questioned it strengthens the judicial process for the public to be informed of how the issue is approached and decided."  Id. at 345.  To be sure, the Georgia Rules of Professional Conduct provide that "the State Bar of Georgia shall maintain as confidential all disciplinary investigations and proceedings pending at the screening or investigative stage."  GA R BAR Rule 4-221.1(a).  However, those rules explicitly do not prohibit "the complainant, respondent, or a third party from disclosing information regarding a disciplinary proceeding."  Id. Rule 4-221.1(c).  Additionally, Mr. Ifill has arguably waived any confidentiality that accompanied his disciplinary proceeding by describing it in his Motion to Recuse.  That said, the State Bar of Georgia may still be investigating the issues raised by the letter.  Thus, for the time being, the Court **DIRECTS** the Clerk of Court to file the exhibit in a **RESTRICTED** manner whereby only the Court, Mr. Ifill, and opposing counsel can access it.[1]  If Judge Wood determines that this restriction is unnecessary or unwarranted in the course of ruling on the Motion to Recuse, Her Honor may order this restriction lifted.

---

[1]  The Court must allow opposing counsel to access the exhibit to avoid an improper *ex parte* communication.

> A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law.  Except as set out below, a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.

Canon 3A(4) of the Code of Judicial Ethics.  "*Ex parte* communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires 'a reasonable opportunity to know the claims of the opposing party and to meet them.'"  In re Paradyne Corp., 803 F.2d 604, 612 (11th Cir. 1986) (quoting Morgan v. United States, 304 U.S. 1, 18 (1938)). Defendant has a right to be heard on the Motion to Recuse, and the exhibit is germane to that Motion.  The Court would risk disadvantaging Defendant if it did not provide Defendant's counsel and Plaintiff's counsel equal access to the exhibit.

Unless and until the Motion to Recuse is granted, the Undersigned will remain the presiding judge, and only the Motion to Recuse, (doc. 7), and any pleadings related to that Motion will be referred to Judge Wood.  The Motion requests "that all proceedings on the merits in this matter be stayed pending" the ruling on the request for recusal.  (Id. at p. 22.)  The Court will not stay this case at this time given that this case is in its preliminary stages, discovery issues are typically ruled on by the Magistrate Judge in this Court, and Mr. Ifill has not sought the assigned Magistrate Judge's recusal.  Should the parties file a motion needing a district judge's attention before a ruling is issued on the request for recusal, the Court will address the need for district judge assignment at that time.

**SO ORDERED**, this 9th day of June, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA